IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,          )<br>                    Plaintiff,    )<br>                                   )<br>vs.                                ) Criminal No. 04-37(Erie)<br>                                   )<br>GERALD C. DEIMEL,                  )<br>                    Defendant.     ) | |

### DEFENDANT'S OPPOSITION TO GOVERNMENT'S SENTENCE PROCEEDING CONTINUANCE REQUEST

AND NOW, comes the Defendant, Gerald C. Deimel, by and through counsel, Elliot J. Segel, Esquire, and states the following:

1.   The Defendant pled guilty to one count of Health Care Fraud during a Change of Plea Proceeding held on July 14, 2005.

2.   At the time of said plea, this Court set October 26, 2005 as the time set for the sentencing proceeding to be held in this matter.

3.   On September 20, 2005, defense counsel received a copy of the Pre-Sentence Report filed in this matter by the United States Probation Office.

4.   On October 5, 2005, undersigned counsel filed and served upon the United States Attorney's Office a document entitled Position of Defendant With Respect to Pre-Sentence Report. Said document expressed the Defendant's agreement with most of the contents of the Pre-Sentence Report with the exception of certain matters which were identified in "the Offense Conduct" section of the report. The specific items objected to were specifically set forth by counsel in this document.

5.  To date, the Government has never filed a written response to said Pre-Sentence Report or the aforementioned Position of Defendant With Respect to Pre-Sentence Report.

6.  On Thursday afternoon, October 20, 2005, Assistant United States Attorney James Wilson left a telephone message for counsel at the latter's office. The message communicated to counsel was that Mr. Wilson wanted to request a continuance of the October 26, 2005 sentencing proceedings in this case. The message did not specify the reasons for the desired continuance.

7.  Shortly after receiving this message, undersigned counsel telephoned Attorney Wilson's office and left a voicemail message.

8.  Immediately thereafter, counsel called and spoke with the Defendant, Mr. Deimel. Mr. Deimel expressed that without knowing the reasons for the continuance request, he could not provide a firm response. Nonetheless, he was not receptive to the idea of continuing the sentencing because of the problems such a continuance would cause a number of his family members. Specifically, many of his family members have long since made arrangements with their places of employment and professional practices to travel from Erie to Pittsburgh on October 26th in order to attend the sentencing proceeding. One of these individuals, Joseph F. Deimel, M.D., a practicing family physician, has already made arrangements with his patients and medical office to be away from his practice that entire date. Another family member, one of Mr. Deimel's sons, has made previous arrangements to leave his place of employment in Annapolis, Maryland, in order to attend the sentencing proceeding. Given all of the above, the Defendant expressed this preliminary desire that he would rather not wish to see the sentencing proceeding continued. However, he did ask counsel to advise him as soon as he heard anything about the matter from the United States Attorney's Office.

9. At 4:50 p.m. on Thursday, October 20, 2005, Attorney Wilson called undersigned counsel and related that there were two reasons for his wish to continue the sentencing proceeding, which reasons can be summarized as follows:

a. Attorney Wilson advised that he has another court proceeding which was recently scheduled for a time which may conflict with the time for the Defendant's October 26, 2005 sentencing in this case. He did acknowledge that Mr. Deimel's sentencing was scheduled previous to this other matter, and further acknowledged that he would have little if any difficulty in having the other court matter scheduled at a different date and time.

b. Attorney Wilson indicated that he had decided to call a witness from Philadelphia to testify about a previous employment situation of the Defendant which is totally unrelated to the charges which were filed in this Indictment. In this context, Attorney Wilson stated that it would be his intent to present documentary evidence as well as testimony from this witness. He stated that he did not want to be accused of springing this on the Court or the defense at the last minute and without any previous disclosure, and therefore felt that a continuance was necessary.

10. In hearing the reasons for the Government's desired continuance, undersigned counsel advised Attorney Wilson that he would attempt to contact Mr. Deimel as soon as possible. However, unless the Defendant directed him to advise otherwise, counsel told Attorney Wilson that the defense would object to this requested continuance. In turn, Attorney Wilson related that he would make written application to this Court for a continuance, and in that application would note the Defendant's objections based upon matters of convenience "and otherwise".

11.     During the evening hours of Thursday, October 20, 2005, counsel was able to reach Mr. Deimel and relate all of the above to him. Based upon said discussion, counsel can firmly relate the Defendant's objection to this eleventh-hour continuance request. On the one hand, any such continuance granted at this late date will cause more than mere inconvenience. As indicated above, a number of people have for some time made previous arrangements to be away from their places of employment and places of professional practice during the entire date of the sentence, at considerable monetary and time costs. This is particularly so of the Defendant's brother, Dr. Deimel, who has shut his medical practice down for that date. On the other hand, the Government has had more than sufficient time to disclose to the defense their desire to present this still un-named witness and still unidentified documentary evidence in support of a sentencing position which it has never before discussed with defense counsel and never before disclosed to either the United States Probation Office or this Court. In sum, there is insufficient and untimely cause shown for the Government's request for this continuance, which if granted would work undue hardship upon the Defendant and his family members.

WHEREFORE, in light of the foregoing, the Defendant, Gerald C. Deimel, by and through counsel, respectfully requests that this Honorable Court enter an Order denying any request by the Government for a continuance of the October 26, 2005 sentencing proceeding and directing that the Government shall be prohibited from attempting to present any evidence or

argument about any prior employment-related allegations concerning the Defendant during said sentencing proceeding.

                                    Respectfully submitted,

                                    SEGEL & SOLYMOSI

                                    By: _____
                                           Elliot J. Segel, Esquire
                                           Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Criminal No. 04-37(Erie) |
| | ) | |
| GERALD C. DEIMEL, | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served by U.S. First Class Mail and facsimile, upon Assistant United States Attorney James Wilson, 400 U.S. Post Office and Courthouse Building, 700 Grant Street, Pittsburgh, Pennsylvania 15219, on the 21st day of October, 2005.

SEGEL & SOLYMOSI

By: _____
Elliot J. Segel, Esquire
Attorney for Defendant

6