IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Criminal No. 04-37(Erie) |
| | ) |
| GERALD C. DEIMEL, | ) |
| Defendant. | ) |

### DEFENDANT'S OBJECTION TO GOVERNMENT'S INFORMATION IN AID OF SENTENCING PLEADING

AND NOW, comes the Defendant, Gerald C. Deimel, by and through counsel, Elliot J. Segel, Esquire, and sets forth the following:

1. On Thursday, October 20, 2005 at 4:50 p.m., Assistant United States Attorney James Wilson informed undersigned counsel in a telephone conversation that he was going to request, on behalf of the Government, a continuance of the sentencing proceeding in the above-captioned case. The primary reason for this request was Attorney Wilson's assertion that he intended to call a witness, whom he did not identify in this phone conversation, for the purpose of testifying about certain allegations of misconduct concerning the Defendant.

2. Undersigned counsel responded to the above-information in this telephone conversation that he intended to oppose this continuance request on the premise that counsel's untimely and incomplete disclosure of the aforementioned intention to present this unidentified witness would deny the Defendant a fair sentencing proceeding, and further, because of travel/cost problems such a continuance would create for the Defendant and his family members.

3. Subsequently, the Government filed an Application for Continuance for the above-stated purpose, and the Defendant filed a pleading objecting to this continuance, and both parties were informed on the morning of Monday, October 24, 2005 that the Court denied the Government's continuance request.

4. Subsequent to the denial of said continuance motion, Attorney Wilson telephoned undersigned counsel and informed him that he was going to file a document with the Court concerning his intention to present the testimony of an agent of the United States Department of Labor to testify during sentencing about the above-referred alleged misconduct of the Defendant. Further, Attorney Wilson advised counsel that he would be faxing a copy of this pleading to counsel.

5. Counsel advised Attorney Wilson that he (the former) had to very shortly appear in Court in Crawford County, Pennsylvania and would probably not be able to see any such faxed material until much later in the day.

6. Attorney Wilson faxed a two-page pleading entitled Government's Information In Aid of Sentencing and an attachment consisting of an 11 page, single-spaced report of United States Department of Labor Investigator Norman Jackson at 11:25 a.m., October 24, 2005.

7. Undersigned counsel did not have an opportunity to see the above pleading and attachment until late yesterday afternoon upon his return to his office from the Crawford County Court of Common Pleas.

8. As a result of counsel's first reading of said pleading and report of Mr. Jackson, counsel states the following:

    A. Defendant has not yet even had an opportunity to review these documents. The Defendant was called by counsel's office and is scheduled to meet with counsel at 3:00 p.m. today, October 25, 2005, to review the document.

    B. Counsel strenuously objects to the manner in which the Government has tried to sneak this information before the Court, and strenuously objects to any use of or consideration of any oral testimony from Mr. Jackson and/or the written report attached to the Government's aforementioned pleading.

  9. The sentencing in this case was scheduled on July 14, 2005 for October 26, 2005. Further, although there is no date listed for the time Mr. Jackson's attached report was prepared, counsel notes that said report discusses matters which allegedly occurred between 1991 through 1996. Accordingly, the Government has had more than sufficient time to provide timely and sufficient disclosure of its intended use of Mr. Jackson and the above-referenced report in compliance with the Federal Rules of Criminal Procedure, the Local Criminal Rules of this Court, and clear notions of constitutional due process.

  10. Instead, the Government has chosen to wait until the very last minute possible to spring this information upon the Defendant.

  11. Further, counsel's review of the report of Mr. Norman Jackson reveals that the allegations contained therein are not only in addition to the contents of the Pre-Sentence Report, but are different from the latter, as well. For example, Mr. Jackson's report states that the matters under investigation and of which he wrote concerned allegations of misconduct committed by the Defendant from 1994 through 1996. That is different from anything contained in the Pre-Sentence Report. However, the Government failed to provide any notice of objections to the Pre-Sentence Report content as required by this Court's Local Criminal Rule 32.1D.

12. Counsel submits that when he finally has an opportunity to meet with the Defendant and review the Government's aforementioned pleading and attachment with Defendant, that the defense will have numerous objections to the matters alleged therein. However, because the Government has chosen to spring this upon the defense at the very last minute, the Defendant will have been rendered without any realistic opportunity to object to, contest or in any other fashion challenge the Government's information. It should be noted that in spite of the matters set forth in Mr. Jackson's report, the Defendant has never been criminally charged for any of the alleged allegations of misconduct and has never been civilly sued for any of the alleged misconduct. Providing the Defendant with the chance to see Mr. Jackson's report for the first time less than 24 hours before the time of his sentencing renders it impossible for him to confront these uncharged allegations of misconduct. This is particularly so, because the uncharged allegations of misconduct cover a long period of time, which allegedly occurred a decade or so ago, and which were investigated with all the resources of a well-funded federal agency. In short, forcing this upon the Defendant in this manner will force him to, in effect, defend himself in a mini-trial of allegations of misconduct which occurred many years ago and for which he had absolutely no prior notice or opportunity to prepare or defend.

13. In light of the above, the Defendant submits that it was improper even for the Government to attach Mr. Jackson's report to its pleading.

14. Given all of the above, the Defendant submits that any use of the aforementioned Government pleading and its attachment, any offering of testimony from Mr. Jackson, and any consideration of these matters by the Court will not only violate the Rules of Criminal Procedure and the Defendant's Constitutional rights to due process of law; it will guarantee him *undue process of law.*

WHEREFORE, in light of all of the foregoing, the Defendant requests that this Court enter an Order which prohibits the Government from any use at the sentencing hearing of Mr. Jackson as a witness and/or Mr. Jackson's report and any other information concerning these allegations of misconduct, and further prohibits any consideration of same by the Court in fashioning a sentence in this case.

Respectfully submitted,

SEGEL & SOLYMOSI

By:_____
Elliot J. Segel, Esquire
Attorney for Defendant

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
|        **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Criminal No. 04-37(Erie)** |
| | ) | |
| **GERALD C. DEIMEL,** | ) | |
|        **Defendant.** | ) | |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was served by facsimile, upon Assistant United States Attorney James Wilson, 400 U.S. Post Office and Courthouse Building, 700 Grant Street, Pittsburgh, Pennsylvania 15219, on the 25st day of October, 2005.

                                             SEGEL & SOLYMOSI

                                             By: _____
                                                    Elliot J. Segel, Esquire
                                                    Attorney for Defendant